# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 20, 2024

```
* * * * * * * * * * * * *
MARIE SROKA,                      *
                                  *
                Petitioner,       *          No. 22-405V
                                  *
v.                                *          Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
                Respondent.       *
* * * * * * * * * * * * *
```

*Andrew D. Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Alec Saxe,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 8, 2022, Marie Sroka ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee. App.") (ECF No. 50). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $53,028.15 is reasonable for interim attorneys' fees and costs and $11,587.25 in final attorneys' fees and costs.[2]

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] Petitioner's interim fee application also includes a request for final attorneys' fees and costs for petitioner's former counsel.

## I.    Procedural History

On April 8, 2022, petitioner filed a claim in the National Vaccine Injury Compensation Program.[3]  Petition (ECF No. 1).[4]  Petitioner is alleging that as a result of receiving the measles, mumps, and rubella ("MMR") vaccinations on May 24, 2019 and July 1, 2019, her pre-existing eczema was significantly aggravated.  *Id.*

On February 3, 2023, respondent filed the Rule 4(c) report, recommending against compensation.  Respondent ("Resp't") Report ("Rept.") (ECF No. 31).  Petitioner was ordered to file expert reports to address the issues raised in respondent's Rule 4(c) report.  Scheduling Order (Feb. 3, 2023, Non-PDF).  On March 16, 2023, petitioner filed a motion to substitute attorney, which was granted the following day.  Petitioner's Motion to Substitute Attorney (ECF No. 32).

On December 28, 2023, petitioner filed an expert report from Andrew R. Styperek, MD. Petitioner's Exhibit ("Pet'r. Ex.") 20 (ECF No. 42).  Petitioner also filed supporting medical literature on February 5, 2024.  Pet'r. Exs. 22-36 (ECF Nos. 43-44).  Respondent filed a responsive expert report on June 3, 2024.  Resp't. Ex. A (ECF No. 48).  Petitioner filed a responsive expert report on August 14, 2024.  Pet'r. Ex. 37 (ECF No. 49).

On October 23, 2024, petitioner filed this motion for interim attorneys' fees and costs and final attorneys' fees and costs for her former attorney.  Int. Fee. App.  Petitioner is requesting a total of $32,743.65 in interim attorneys' fees and costs for her current attorney and $11,587.25 for final attorneys' fees and costs for her former attorney.  *Id.* at 3-4.  Respondent filed a response to petitioner's interim fee request, deferring the Special Master "to determine whether or not petitioner has met the legal standard for an interim fees and costs," and that "the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs."  Resp't. Response at 3-4.

Petitioner did not file a reply to respondent's response.  This motion is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which

---

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[4] When petitioner initially filed her claim, she was represented by attorney, Mr. Matthew F. Belanger.

the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a belief that the MMR vaccines she received significantly aggravated her eczema, as documented in her medical records. *See* Pet'r Ex. 5 at 6 ("patient feels that her rash may be from the MMR vaccine which she received shortly before onset.").

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support her petition, in addition, to filing reports from an expert to support her claim for vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### A.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2022 and the amount of attorneys' fees and attorneys' costs requested by petitioner exceeds the amounts discussed above. Additional fees and costs are likely to be incurred in this claim by petitioner's current attorney and this application also includes final fees and costs for petitioner's initial counsel. Additionally, petitioner has also retained new counsel since initiating the claim and final attorneys' fees and costs are appropriate for petitioner's previous attorney. As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

#### A.  Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B.  Attorneys' Fees and Costs

##### 1.  Attorneys' Fees and Costs for Mr. Matthew F. Belanger

Petitioner's request includes a request for final attorneys' fees for Mr. Matthew Belanger, the attorney that initiated her claim.  Petitioner is requesting that Mr. Belanger be awarded a total of $10,488.00 in attorneys' fees.  Int. Fee App. Ex. B at 5.  Mr. Belanger is requesting a rate of $375.00 per hour for work performed in 2020-2022 and a rate of $400.00 per hour for work performed in 2023.   Mr. Belanger's rates are consistent with what he has been awarded in other Vaccine Program cases and as such, I find these rates to be reasonable.  Additionally, Mr. Belanger submitted billing records and based on my review and experience, the time he has spent on this matter is reasonable.  As such, Mr. Belanger shall be awarded his attorneys' fees in full.

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.  Petitioner is requesting that Mr. Belanger be reimbursed for a total of $899.25 in attorneys' costs.  Int. Fee

4

App. Ex. B at 5,6.  These costs are associated with obtaining medical records and the filing fee and are documented.  As such, Mr. Belanger shall be awarded the full amount of attorneys' costs being requested.

### 2.  Attorneys' Fees and Costs for Mr. Downing

Petitioner is requesting various rates of compensation for the attorneys and paralegals who have worked on her case at the Downing, Allison, & Jorgenson firm from 2023 until present.  Int. Fee App. at 3-4.  The hourly rates being requested by petitioner for the personnel working on her case are consistent with the hourly rates that have been previously awarded to Downing, Allison, & Jorgenson attorneys and staff for their work by myself and other special masters.  *See Fisher v. Sec'y of Health & Hum. Servs.,* No. 20-855V, 2024 WL 3326050 (Fed Cl. Spec. Mstr. June 10, 2024).  Accordingly, no adjustment to the adjusted requested rates is necessary.

Petitioner also submitted a detailed invoice from Downing, Allison, & Jorgenson which provides the date, detailed descriptions of the tasks performed, the requested rate, and the time expended.  Based on my experience and my familiarity with the work performed in this case, the hours expended on this case appear to be reasonable.  *See Wasson,* 24 Cl. Ct. at 484 (a special master may rely on their experience to evaluate the reasonableness of hours expended).  Thus, petitioner's request for interim attorneys' fees will be awarded in full.

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. Ct. 29, 34.  Petitioner is requesting $32,743.65 in attorneys' costs.  A majority of these incurred costs is associated with the work performed by petitioner's expert, Dr. Andrew R. Styperek.  Int. Fee App. Ex. A at 38. Petitioner is requesting that Dr. Styperek be reimbursed for a total of $32,375.00 at $500.00 per hour for reviewing petitioner's records, respondent's expert reports, and writing two expert reports to support petitioner's claim.  Dr. Styperek's hourly rate of $500.00 per hour is reasonable and consistent with what other experts with similar qualifications have been awarded in the Vaccine Program.  *See Holt v. Sec'y of Health & Hum. Servs.,* No. 18-1662V, 2023 WL 9099688 (Fed. Cl. Spec. Mstr. Nov. 27, 2023).  The reports by Dr. Styperek are very detailed and his supplemental expert report was in response to respondent's expert report.  Accordingly, petitioner's interim attorneys' costs shall be reimbursed in full.

### III.    Conclusion

In accordance with the foregoing, I award the following in interim attorneys' fees and costs:

1) **A lump sum payment of $11,587.25 made payable to petitioner and her former attorney, Mr. Matthew Belanger of Faraci Lange for final attorneys' fees and costs.**

**2)  A lump sum payment of $53,028.15 in interim attorneys' fees and costs to petitioner and her attorney, Mr. Andrew Downing of Downing, Allison, & Jorgenson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).